828 F.2d 17
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mark Anthony SETZER, Plaintiff-Appellant,
v.
Emmett L. WINGO, Sheriff; Ruth Ann Shorter; David Hauk;
Assistant Commonwealth's Attorney; Lt. Arthur Horner;
Corporal Paul R. Gray; Corporal Robert A. Brandt; Sgt.
Michael S. Rubio; Deputy Joseph B. Moneymaker; Sgt. Arthur
W. Ford; Capt. Walter Minton; Sharon White (nurse),
Defendant-Appellee.
 No. 87-6002
 United States Court of Appeals, Fourth Circuit.
 Argued June 4, 1987.
Decided August 18, 1987.
 
 William Gilbert Shields, Sr., (Anderson, Parkerson & Shields on brief), for Appellant,
 Steven Latham Micas, County Attorney (Karen D. Waldron, Assistant County Attorney, Jeffrey Lee Mincks, Sr., Assistant County Attorney, on brief), for Appellees.
 Before SPROUSE, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Anthony Setzer, an inmate at the Chesterfield County (Virginia) jail, appeals the district court's grant of summary judgment to Emmett L. Wingo and other Chesterfield County officials in Setzer's Sec. 1983[1] action against them. We affirm.
 
 
 2
 Setzer was a frequent visitor to the Chesterfield County jail. In November 1984, while being booked for the eighth time, he requested that he be kept separate from another inmate--Rodney Gray.[2] The jail honored Setzer's request. Setzer subsequently was arrested and booked a ninth time on April 11, 1985.[3] The parties disagree whether Setzer again requested that he be kept separate from Gray. While Setzer claims that he requested separation, the jail records reflect that, although he requested separation from a third inmate, he made no such request concerning Gray.
 
 
 3
 At the time of Setzer's April 11 arrest, Gray was housed in Tier 12 of the jail. Setzer was initially housed in Tier 9, but shortly thereafter was transferred without objection to Tier 12. The two inmates, who had no history of fighting, lived in harmony for almost two weeks. The only noteworthy incident during this period occurred on April 21, when Gray notified jail officials that Setzer apparently had attempted suicide by drinking a cup of Lysol. Setzer later admitted, however, that he had only drunk Kool-Aid and specifically requested that he be returned to Tier 12.
 
 
 4
 On April 28, Setzer and Gray argued over the relative volumes of a television and a radio. During the argument, Gray punched Setzer in the face, resulting in an orbital fracture of Setzer's left eye. Setzer then filed this action, alleging numerous constitutional violations. The district court granted summary judgment in favor of the defendants with respect to each of Setzer's claims. Setzer appeals only his claim that jail officials violated the eighth amendment by exposing him to physical harm at the hands of a fellow inmate, contending that a genuine issue of material fact existed as to this claim. We disagree.
 
 
 5
 As we recently stated in Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987), '[t]he eighth amendment protects a convicted inmate from physical harm at the hands of other inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm.' The eighth amendment, however, does not provide the basis for a Sec. 1983 action if the prison officials were merely negligent in failing to protect an inmate. Id.
 
 
 6
 In our view the factual disputes in this case, even if resolved in Setzer's favor, establish, at most, nothing more than negligence on behalf of jail authorities. Other than Setzer's contention that he told jail officials at his April 11 booking that he wished to be kept separate from Gray, there is no evidence that they were on notice that Setzer feared an attack by Gray. The two inmates had no history of fighting. Moreover, Setzer did not object when he was transferred to Tier 12, nor did he later remind officials that he had requested not to be housed near Gray. Finally, after his attempted 'suicide,' Setzer specifically requestd that he be returned to Tier 12.
 
 
 7
 In view of the above, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 1983
 
 
 [2]
 Setzer's request was made pursuant to the jail's established policy allowing inmates to request that they be kept separate from one or more specific inmates
 
 
 [3]
 Following his arrest on April 11, Setzer was convicted of criminal trespass on April 26, 1985, and sentenced to twelve months in jail